IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE A. SANFORD,
PAUL W. BEEBE,

    Plaintiffs,

v.                                                                                           No. CV 10-0913 MV/CEG

SAN JUAN COUNTY, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiffs' complaint. Plaintiffs are incarcerated, appear pro se, and have moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiffs are required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the financial information in Plaintiffs' filings, the Court will grant Plaintiffs leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss the complaint.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiffs' pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiffs have been denied use of a law library at their detention facility. Both Plaintiffs are represented by counsel in their state criminal proceedings. Plaintiffs contend that Defendants' actions have violated a number of their state and federal constitutional rights. The complaint seeks damages.

Plaintiffs' allegations do not support a claim for denial of access to the courts. First, the assertion of an "abstract, free-standing right to a law library," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), does not "establish relevant actual injury," *id*. Also, Plaintiffs do not allege that officials have actively interfered with their attempts to prepare and file legal documents. *See id*. at 350; *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) ("main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.' ") (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). As these cases make clear, the Constitution does not ensure the access sought by Plaintiffs, *see Lewis*, 518 U.S. at 351; *Bounds*, 430 U.S. at 828 n.17, and the Court will dismiss their complaint.

IT IS THEREFORE ORDERED that Plaintiffs' IFP motions (Docs. 4, 5) are GRANTED, and the statutory initial partial payment WAIVED;

IT IS FURTHER ORDERED that Plaintiffs' complaint is DISMISSED with prejudice, and judgment will be entered.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE